# United States District Court
# District of Massachusetts

KEITH NIEMIC,
    Plaintiff,

    v.                                              CIVIL ACTION NO: 13-11402-JLT

MASSACHUSETTS DEPARTMENT OF CORRECTION,
LUIS SPENCER,
BRUCE GELB,
LAWRENCE WEINER,
UMASS CORRECTIONAL HEALTH SERVICES,
GERALDINE SOMERS,
AYSHA HAMEED,
THOMAS HICKS, JR.,
JOHANNA SHAW,
BART NELSON,
MARK SCHNABEL,
CARMEN NEWRY,
THOMAS GROBLEWSKI,
MASS PARTNER CORRECTIONAL HEALTH CARE,
    Defendants.

## *REPORT AND RECOMMENDATION ON DEFENDANT UMASS CORRECTIONAL HEALTH'S MOTION TO DISMISS (#37)*

COLLINGS, U.S.M.J.

On June 6, 2013, plaintiff Keith Niemic ("Niemic"), a prisoner at the Souza-Baranowski Correctional Center ("SBCC"), filed a *pro se* complaint alleging claims under 42 U.S.C. § 1983, Section 504 of the Rehabilitation Act, Title II of the Americans With Disabilities Act ("ADA"), and Mass. Gen. L. c. 12 § 11I. (Complaint #1) The claims were alleged against various prison medical staff, prison officials, and others involved with his medical care while incarcerated.[1]

Niemic contends that he suffers from debilitating pain stemming from an altercation with an inmate and, as a result of the lack of adequate health care, attempted suicide and injured himself in the process. (Amended Complaint #42 ¶¶ 14, 20-23) The plaintiff continues to suffer from excruciating pain and a variety of anxiety-related mental health problems. (#42 ¶¶ 29-39) Niemic also asserts that he has been taken off psychiatric and pain medications in retaliation for "past drug diversion," and that his repeated requests for medical attention have been ignored. (#42 ¶¶ 38-98)

On August 26, 2013, one of the defendants, UMass Correctional Health

---

[1] On August 26, 2013, the plaintiff's motion to amend the complaint by adding two defendants (#11) was allowed. (#39)

Services ("UMCH") filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). UMCH asserts that it is an agency of the Commonwealth of Massachusetts and, to the extent that it is named as a defendant in any claims alleged in the amended complaint, it is immune from suit under the Eleventh Amendment.[2]

This case is essentially on all-fours with Judge Tauro's 2012 decision in the case of *Cullinan v. Mental Health Management Correctional Services, Inc*, 2012 WL 2178927 (D. Mass., June 11, 2012). Cullinan, also a prisoner at SBCC, filed a complaint against UMCH, amongst others, alleging claims comparable to those advanced by Niemic for violation of 42 U.S.C. § 1983, Section 504 of the Rehabilitation Act, and Title II of the ADA. *Cullinan*, 2012 WL 2178927, at *1. UMCH moved to dismiss on the grounds of sovereign immunity under the Eleventh Amendment. *Cullinan*, 2012 WL 2178927, at *1. UMCH was represented by the same counsel in both *Cullinan* and the present case, and the briefs filed in support of the motions to dismiss in the two cases are substantively identical. (*Compare* #22, Defendant, University of

---

[2] In his opposition to the dispositive motion, Niemic asserts that he "listed both [UMCH] and Mass DOC on caption [sic] of complaint not as defendants but to differentiate between the numerous defendants employed therein, for both." (#50 ¶ 9) However, in the amended verified complaint (#42), UMCH is named as a party in the heading and in all three counts. (#42 ¶¶ 139-159)

Massachusetts Correctional Health's, Memorandum of Law in Support of its Motion to Dismiss in Civil Action No. 11-10593-JLT with #38, Defendant, UMass Correctional Health's Memorandum in Support of its Motion to Dismiss in Civil Action No. 13-11402-JLT). Judge Tauro allowed the motion to dismiss with respect to all claims brought under § 1983 on Eleventh Amendment grounds, but denied the motion without prejudice with respect to the remaining claims. *Cullinan*, 2012 WL 2178927, at \*\*1-2.

The *Cullinan* rulings are applicable to the motion to dismiss in the instant case. Without delving into a lengthy discussion, UMCH has previously been determined to be an agency of the state entitled to Eleventh Amendment immunity. *See Cullinan*, 2012 WL 2178927, at \*\*1-2; *McGee v. UMass Correctional Health*, 2010 WL 3464282, at \*\*3-4 (D. Mass., Sept. 1, 2010) ("It is doubtful, to say the least, whether UMCH is an entity of any kind that is subject to suit. In any event, even assuming that UMCH is such an entity, it is clearly an arm of the state. . . for purposes of determining Eleventh Amendment immunity."); *Jaundoo v. Clarke,* 690 F. Supp.2d 20, 29 (D. Mass., 2010) ("Because UMCH is a program operated by the UMMS [University of Massachusetts Medical School], it too is an arm of the state."). Therefore,

UMCH is entitled to sovereign immunity on all claims where Congress has not "unequivocally expressed its intent to abrogate that immunity." *Kimel v. Fla. Bd. Of Regents*, 528 U.S. 62, 73 (2000).

With Congress having failed to express its intent to abrogate immunity for §1983 claims, UMCH is entitled to Eleventh Amendment protection for all claims advanced by Niemic under that statute. *Cullinan,* 2012 WL 2178927, at *1. Similar to the *Cullinan* case, here "UMCH fails to address the immunity issue as it relates to [the plaintiff's] claims under the Rehabilitation Act and the ADA" or the pendent state law claims under Mass. Gen. L. c. 12 § 11I.[3] *Cullinan,* 2012 WL 2178927, at *1. Consequently, the result in the present case shall be the same as in *Cullinan*. Because sovereign immunity for Rehabilitation Act claims has been abrogated and UMCH has failed to show that it is entitled to sovereign immunity for the ADA claims "under the standards set forth in *Buchanan v. Maine*, 469 F.3d 158 (1st Cir. 2006)," *Cullinan,* 2012 WL 2178927, at *2, UMCH's Rule 12(b)(1) motion on the remaining claims should be denied. *Cullinan,* 2012 WL 2178927, at *2.

---

[3] The state law claims in *Cullinan* were dismissed without prejudice because UMCH did not discuss them in its motion or memorandum. *Cullinan,* 2012 WL 2178927, at **1-2 and n. 2. The same is true in this case.

## *RECOMMENDATION*

Accordingly, for the reasons stated, I RECOMMEND that Defendant UMass Correctional Health's Motion To Dismiss (#37) be ALLOWED as to all claims asserted under 42 U.S.C. § 1983, and otherwise DENIED without prejudice.

## *REVIEW BY THE DISTRICT JUDGE*

The parties are hereby advised that any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Robert B. Collings*

ROBERT B. COLLINGS
United States Magistrate Judge

January 29, 2014.